IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAMAN K. SINGH,

    Plaintiff,

v.                                    Civil Action No. 3:09cv386

GARY HAAS,

    Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on Plaintiff Singh's motion for entry of default judgment. (Docket No. 10.) On January 22, 2010, the Court held a hearing. At the hearing, Defendant Haas made a special appearance by counsel to contest this Court's jurisdiction. The undersigned ordered supplemental briefing to address this issue.

On January 29, 2010, Haas moved to dismiss the action for lack of jurisdiction. (Docket No. 20.) On February 9, 2010, Singh responded. (Docket No. 22.) The matter is ripe for disposition.

### I. Factual Background

On June 19, 2009, Singh filed a Complaint in this Court seeking a declaratory judgment and damages as a result of a "controversy [that had] arisen between two authors." (Compl. ¶ 1.) (Docket No. 1.) Singh alleged that on March 3, 2006, he registered a script he had authored entitled *The Sand Relic* with The Writers Guild Association. (Compl. ¶ 2.) The plot of *The Sand Relic* involved "an archaeologist seeking a relic/manuscript written by the Greek hero Odysseus,

[and] was set in the Sahara Desert." (Compl. ¶ 2.) When he did not receive a production offer for *The Sand Relic*, Singh rewrote his script and entitled the new version *The Quest*. (Compl. ¶ 2.) He changed the location to the Indian Desert, and "the supposed Odysseus manuscript/relic to one written by Jesus." (Compl. ¶ 2.) Dr. Fred Wyler of BLOCKBUSTER Scripts, LLC ("Blockbuster") suggested that Singh change the title of his script to *The Jesus Manuscript*. (Compl. ¶ 3.) Singh complied. (Compl. ¶ 3.) Singh completed *The Jesus Manuscript* in March of 2006. (Compl. ¶ 3.) He completed the script without contribution from Haas, and received a federal copyright registration for the script in his name alone in 2008. (Compl. ¶¶ 22, 23.)

Haas wrote a novel, and later a screenplay based on the novel, entitled *The Ikon*, whose plot involved art forgery. (Compl. ¶ 4.) Both the novel and the screenplay versions of *The Ikon* were set on a Greek island. (Compl. ¶ 4.) When Haas was unable to sell *The Ikon*, Singh and Haas agreed, at Haas's request, that Singh would rewrite the screenplay version of *The Ikon*. (Compl. ¶ 4.) Singh completed the rewrite in March 2007. (Compl. ¶ 4.) At Haas's request, Singh then edited and rewrote Haas's novel *The Ikon*, completing that work in April 2007. (Compl. ¶ 4.) Copyright registration was issued to Singh and Haas jointly for the rewrite of the screenplay *The Ikon*. (Compl. ¶ 20.) Both the novel and the screenplay versions of *The Ikon* failed to sell. (Compl. ¶ 5.)

In September 2007, Singh sold an option to *The Jesus Manuscript* to Blockbuster. (Compl. ¶ 6.) The total sale price was $92,000, and the option $9,200. (Compl. ¶ 6.)

After learning of Singh's successful option on *The Jesus Manuscript*, Haas "wrote to the various collaborative producers of the screenplay *The Jesus Manuscript*, claiming that *The Jesus Manuscript* infringed his copyright for both the novel and screenplay *The Ikon*." (Compl. ¶ 6.)

Haas wrote to Blockbuster, Miramar Entertainment, Miramar Entertainment AG, and Cinemaker Film GMBH, claiming that *The Jesus Manuscript* plagiarized *The Ikon*. (Compl. ¶¶ 24-27.) Singh avers that at the time Haas made these allegations, Haas had not received a copy of *The Jesus Manuscript* and had not read *The Jesus Manuscript*. (Compl. ¶¶ 6, 28, 29.) "Upon receipt of Haas' letter, production of *The Jesus Manuscript* immediately ceased." (Compl. ¶ 7.)

Singh's Complaint asserts four counts. Count One seeks declaratory relief of non-infringement. (Compl. ¶¶ 39-44.) Count Two alleges tortious interference with a contractual relationship. (Compl. ¶¶ 45-51.) Count Three alleges that "Haas libeled Singh when he accused him of plagiarism and broadcast the accusation to the various producers." (Compl. ¶ 53.) Count Four moves the Court for injunctive relief "in the form of a permanent injunction restraining Haas from interfering with Singh's contractual relationship with the various motion picture producers" because "*The Jesus Manuscript* will not be made into a motion picture unless Haas is enjoined from alleging infringement." (Compl. ¶¶ 58, 58(i).) Singh seeks a declaratory judgment that *The Jesus Manuscript* does not infringe upon *The Ikon*; treble damages in the amount of $276,000 for Haas's tortious interference with Singh's contractual relationship with Blockbuster; damages for libel in the amount of $1,000,000; injunctive relief to prevent Haas from bringing lawsuits against Singh for copyright infringement of *The Jesus Manuscript*; attorney's fees; and punitive damages in the amount of $3,000,000. (Compl., Relief Requested.)

## II. Procedural Background

Because Haas had not made an appearance or filed a responsive pleading, the Clerk entered default on September 25, 2009. (Docket No. 7.) On October 16, 2009, Singh moved for entry of default judgment. (Docket No. 10.)

3

On November 27, 2009, the Court received a letter from Haas dated November 14, 2009. (Docket No. 12.) Haas stated that he had filed his answers "in timely fashion" and sought an update of the status of his case. Letter from Gary Haas to Clerk of Court (Nov. 14, 2009) ("First Letter").

On December 3, 2009, the Court received a second letter from Haas, dated November 18, 2009 ("Second Letter"). Letter from Gary Haas to Clerk of Court (Nov. 18, 2009). (Docket No. 13.) In his Second Letter, Haas requested that the Court direct Singh's counsel to remove Singh's Complaint from the internet, because the online posting of the Complaint was "causing intentional stress and harm to [his] person through hearsay in a case not yet proven." Second Letter. On December 8, 2009, the Clerk's Office acknowledged receipt of the Nov. 18, 2009 Haas Letter and advised Haas that all matters before the Court are public record. Letter from Clerk's Office to Gary Haas (Dec. 8, 2009). On December 11, 2009, the Court set this matter for a hearing on Singh's motion for default judgment. (Docket No. 14.)

On December 22, 2009, the Court received a third letter from Haas, this time dated December 7, 2009. Letter from Gary Haas to the Honorable Henry E. Hudson (Dec. 7, 2009) ("Third Letter"). (Docket No. 15.) In his Third Letter, Haas alleged "foul play" because he stated that on August 24, 2009, he "answered the 'Complaint' listed against [his] person" by mailing his response to the Albert V. Bryan Courthouse in Alexandria, Virginia. Third Letter. Haas asserted that he would never have permitted the case to move forward "with nothing said in [his] defense." Third Letter. In support of his assertions that he timely mailed his answer, Haas

4

attached a copy of his answer and receipts purporting to be from a Greek post office. Third Letter & Ex. 1.[1]

On January 19, 2010, the Court received a fourth letter from Haas. Letter from Gary Haas to the Clerk of Court of Virginia (Jan. 12, 2010) ("Fourth Letter"). (Docket No. 17.) Haas again asserted that he had mailed timely responses to the Complaint and, in addition, raised jurisdictional challenges. Fourth Letter. Haas requested that the Clerk's Office apprise him of the status of the case. Fourth Letter.

On January 22, 2010, the Court held a hearing on Singh's motion for entry of default judgment. Haas made a special appearance by counsel to contest this Court's personal jurisdiction, subject matter jurisdiction, and venue.

First, Haas contends that this Court lacks in personam jurisdiction over him because: (1) Singh's allegations do not trigger the application of the Virginia long arm statute; and, (2) Haas maintains insufficient contacts with this forum so as to violate due process. (Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss for Lack of Jurisdiction and Venue ("Def.'s Mem."), at 2-6.) Second, Haas argues that the Court lacks subject matter jurisdiction because the parties lack diversity. (Def.'s Mem. 6-7.) Haas contends that he is a domiciliary of Greece, and as such, a "stateless" person for purposes of diversity jurisdiction. (Def.'s Mem. 6.) Therefore, Haas argues, the Court cannot "invoke the alienage jurisdiction of the federal courts." (Def.'s

---

[1] The first attachment to the December 22, 2009 Haas letter is a photocopy of three documents written in Greek. Handwritten notes state, "COMPLAINT ANSWER DOCUMENTS SENT 24 AUGUST 2009 'REGISTERED' by GREEK POST OFFICE." Dec. 7, 2009 Letter Ex. 1.

5

Mem. 6.) Finally, Haas contends that venue does not lie with the Eastern District of Virginia because neither Haas nor any agent of his resides within this district. (Def.'s Mem. 7.)

Singh responds: (1) that Haas filed his motion contesting jurisdiction two days late, and therefore the undersigned should strike the motion; (2) that Haas has waived the issues of personal jurisdiction and venue by failing to answer the Complaint; and, (3) that this Court has subject matter jurisdiction. (Pl.'s Mem. in Opp'n to Def.'s Mot. for Dismissal for Lack of Jurisdiction and Venue ("Pl.'s Resp."), at 1-3.) In the alternative, Singh argues that the Virginia long arm statute permits this Court to exercise personal jurisdiction over Haas, and that sufficient contacts with Virginia exist to meet due process requirements. (Pl.'s Mem. 4-10.) Finally, Singh states that Haas has provided no evidence to support his contention that there exists no diversity between the parties, that all of Singh's state law claims may be heard in this Court, and that even if the Court determines that it has no jurisdiction or that venue is inappropriate, the proper remedy lies in removal to another district. (Pl.'s Mem. 10.)

### III. Analysis

#### A. This Court Has Personal Jurisdiction Over Haas

##### 1. Basic Principles of Personal Jurisdiction

When a district court considers a challenge to personal jurisdiction without conducting an evidentiary hearing, the court views the facts in the light most favorable to the plaintiff. *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (noting that ultimately, the plaintiff must prove personal jurisdiction by a preponderance of the evidence, but when "the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the

plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge"). The plaintiff must make a prima facie showing of personal jurisdiction. *Mitrano*, 377 F.3d at 406 (*citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)).

Federal courts exercise personal jurisdiction in the manner provided by state law. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Therefore, a district court must first decide whether Virginia state law[2] permits the court to exercise personal jurisdiction over the defendant, and second, whether the exercise of such jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Id.*; *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). However, "[b]ecause Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, 'the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one.'" *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) (*quoting Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996)) (internal citation omitted). Therefore, the inquiry becomes whether the defendant maintains sufficient minimum contacts with the forum state so as not to offend

---

[2] In relevant part, Virginia's long arm statute permits a court to exercise personal jurisdiction over a non-resident defendant "as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth . . . [or c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he . . . derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth." Va. Code. § 8.01-328.1.

"'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

## 2. Waiver of Personal Jurisdiction

A defendant may waive an objection to personal jurisdiction by appearance or failure to timely object to the court's exercise of personal jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). A defendant may also waive any objection to personal jurisdiction if the defendant's conduct in the litigation demonstrates his or her consent to the court's jurisdiction. *Guthrie v. Flanagan*, No. 3:07cv479, 2007 WL 4224722, at *3 (E.D. Va. Nov. 27, 2007) (*citing Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)). For example, even if a defendant has raised a timely objection to personal jurisdiction, continuing to litigate on the merits may constitute a waiver of objection to personal jurisdiction. *Cont'l Bank, N.A.*, 10 F.3d at 1297. Similarly, participation in state court proceedings prior to removal may constitute a waiver of the right to object to personal jurisdiction. *See Mobil Oil Co. de Venezuela v. Jimenez*, 948 F.2d 1282 (4th Cir. Nov. 15, 1991) (No. 91-2012), *available at* 1991 WL 237794, at *2.

## 3. Haas Has Waived Any Objection to Personal Jurisdiction

When, as in this case, a defendant fails to file a proper answer to a complaint and instead submits letter responses to the court, the court has two options. *See Davis v. Carter*, 61 F. App'x 277 (7th Cir. Feb. 11, 2003) (No. 02-1519), *available at* 2003 WL 1225581, at *2. The court may treat the letters as answers, which forecloses any objection to personal jurisdiction, and the defendant may defend on the merits; or, the court may determine that the letters do not constitute answers, that the defendant has forfeited the opportunity to defend on the merits, but that the

8

defendant is entitled to resolution of the objection to personal jurisdiction. *Id.* Although Haas claims to have timely filed an answer, and despite his late submission of copies of that answer with his December 7, 2009 letter, the Court concludes that Haas's letters do not constitute an answer. Thus, Haas demonstrates entitlement to resolution of his objection to personal jurisdiction. *See id.*

The Court determines that Haas has waived any objection to this Court's exercise of in personam jurisdiction. Haas's conduct before this Court sufficiently indicates his consent to this Court's jurisdiction. *See Guthrie*, 2007 WL 4224722, at *3. Haas's first letter requests that the Court apprise him of "the outcome of the complaint made against [him]" and states that he "sent in [his] answers to the complaint in timely fashion so we are awaiting the outcome and ruling." First Letter. His Second Letter indicates his knowledge that this Court would enter a judgment in the matter. Second Letter ("I must tell you I am quite upset as this has caused me grave harm from the defamatory and highly slanderous accusations in the 15 page document posted, *before a judgment has been rendered.*" (emphasis added)). Again in his Third and Fourth Letters, Haas claims to have submitted a timely answer to the Complaint. Third Letter; Fourth Letter. Although the Court received no such timely filing, Haas's representation to the Court that he complied with the requirements of the Federal Rules of Civil Procedure by answering the Complaint sufficiently indicates Haas's consent to this Court's jurisdiction. *See Guthrie*, 2007 WL 4224722, at *3 (*citing Cont'l Bank, N.A.*, 10 F.3d at 1297). It is not until his Fourth (and final) Letter that Haas belatedly attempts to challenge this Court's jurisdiction. Therefore, the undersigned RECOMMENDS that the Court DENY Haas's motion to dismiss for lack of personal jurisdiction.

B.   **<u>This Court Has Subject Matter Jurisdiction</u>**

Haas challenges this Court's subject matter jurisdiction on the ground that the parties lack diversity. (Def.'s Mem. 6-7.) Haas correctly contends that "US [sic] citizens domiciled abroad are neither citizens of any State of the United States nor citizens or subjects of a foreign state. . . . As such no diversity jurisdiction is possible under the facts of this case where the defendant is a domiciliary of Greece." (Def.'s Mem. 6.) Singh alleges that this Court has subject matter jurisdiction pursuant to the Copyright Act, 17 U.S.C. § 101[3] *et seq.*, and 28 U.S.C. §§ 1331,[4] 1338,[5] and 2201.[6]

The Court determines that Haas's challenge to this Court's subject matter jurisdiction must fail. Because "the Declaratory Judgment Act does not operate as 'a source of jurisdiction which is independent of substantive federal law,'" a plaintiff seeking relief under this act must

---

[3] The Copyright Act provides remedies for copyright infringement. *See* 17 U.S.C. §§ 501-05.

[4] 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1338 states, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U.S.C. § 1338(a).

[6] The Declaratory Judgment Act states, in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

still allege that the federal court exercises subject matter jurisdiction either via federal question or diversity jurisdiction. *Energy Recovery, Inc. v. Hauge*, 133 F. Supp. 2d 814, 817 (E.D. Va. 2000); *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-73 (1950); *see also* 28 U.S.C. §§ 1331, 1332. Singh presents a question of federal law.

Singh seeks a declaratory judgment of non-infringement of copyright. Copyright law is governed by federal statute. *See* 17 U.S.C. § 101 *et seq.* That federal statute governs copyright law does not necessarily give rise to federal jurisdiction, however: "A dispute does not invoke federal jurisdiction simply because the plaintiff seeks a remedy that happens to be available in a federal statute." *Gibraltar, P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 618 (4th Cir. 1997) (construing Lanham Act claim). Rather, a claim arises under the Copyright Act if it seeks a remedy expressly granted by the Act, or if it asserts a claim requiring construction of the Act. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1050-51 (10th Cir. 2006) (applying the United States Court of Appeals for the Second Circuit's test to determine whether a claim arises under the Copyright Act); *Gibraltar, P.R., Inc.*, 104 F.3d at 619.

In the context of a declaration of non-infringement, "subject matter jurisdiction is based upon whether a defendant could have initially brought the threatened litigation action for which declaratory relief is sought." *Energy Recovery, Inc.*, 133 F. Supp. 2d at 817. In this case, Haas could have brought a copyright infringement action against Singh. Haas contacted several of Singh's business contacts, claiming that Singh had infringed upon his copyrighted work, *The Ikon*, and demanding to be given credit as co-author of *The Jesus Manuscript*. (*See* Compl. ¶¶ 24-33.) "[T]hese actions were sufficient to give [Singh] a reasonable apprehension of being sued for [copyright] infringement by [Haas]." *Energy Recovery, Inc.*, 133 F. Supp. 2d at 821.

Thus, Singh's claims necessarily raise a federal question. *See id.* at 819-21. Accordingly, Haas's contention that the parties lack diversity does not apply to Singh's claim for declaratory judgment.

The Court may also exercise supplemental jurisdiction over Singh's state law claims of tortious interference with a contractual relationship and libel. *See* Compl. ¶¶ 45-56 (alleging tortious interference and libel); 28 U.S.C. 1367(a).[7] Where the "state and federal claims . . . derive from a common nucleus of operative fact," the federal court may hear all the claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Singh's allegations all arise from Haas's claims in written communications to Singh's various business partners that Singh had infringed upon Haas's copyrighted work, *The Ikon*. Therefore, the Court finds that the federal and state claims sufficiently share a common nucleus of operative fact so as to permit this Court to exercise supplemental jurisdiction over the state claims. *See* 28 U.S.C. 1367(a). The undersigned RECOMMENDS that the Court DENY Haas's motion to dismiss for lack of subject matter jurisdiction.

---

[7] 28 U.S.C. § 1367(a) provides, in relevant part, that:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

## C. Venue Lies in the Eastern District of Virginia

Finally, Haas contends that venue does not lie in this Court. (Def.'s Mem. 7.) He alleges that, pursuant to 28 U.S.C. § 1400(a),[8] copyright actions "'may be instituted in the district in which the defendant or his agent resides or may be found,'" 28 U.S.C. § 1400(a), and neither Haas nor his agent may be found in the Eastern District of Virginia. (*See* Def.'s Mem. 7.)

Singh claims Virginia citizenship, but that does not speak to venue. Singh contends that venue lies in this district "because a substantial part of the property at issue, the cash advanced to Singh, is located in the Eastern District of Virginia. . . . [and] because Haas is transacting business within this district, as his novel *The Ikon* is for sale on Amazon.com."[9] (Compl. ¶ 13.)

Venue lies under 28 U.S.C. § 1400(a) in any district in which the defendant would be subject to personal jurisdiction. *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 983-84 (9th Cir. 2009) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction."); *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993) (finding that the "may be found" clause of the statute equates to amenability to personal jurisdiction); *CoStar Realty Information, Inc. v. Meissner*, 604 F. Supp. 2d 757, 773 (D. Md. 2009) ("The term 'may be found' in 1400(a) is interpreted to mean any district which may assert personal jurisdiction over a defendant." (*citing Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir.

---

[8] "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).

[9] Singh also argues that, even if the Court were to find that venue does not lie in the Eastern District of Virginia, a transfer pursuant to 28 U.S.C. § 1404(a) constitutes the "preferred remedy." (Pl.'s Resp. 10.)

13

2004)). As discussed above, the Court finds Haas subject to this Court's personal jurisdiction because his conduct demonstrates his consent to this Court's jurisdiction. *See* Part III.A.2, *supra*. Therefore, venue lies in the Eastern District of Virginia. *See Palmer*, 376 F.3d at 1259-60 (holding that defendant was found in the district because he had appeared before the court without contesting personal jurisdiction, thereby consenting to the court's jurisdiction); *see also Brayton Purcell LLP*, 575 F.3d at 983-84; *Milwaukee Concrete Studios, Ltd.*, 8 F.3d at 445; *CoStar Realty Information, Inc.*, 604 F. Supp. 2d at 773; *Roberts v. Keith*, No. 04 Civ. 10079(CSH), 2007 WL 2712853, at *6 (S.D.N.Y. Sept. 18, 2007) ("Because venue is coextensive with personal jurisdiction, a defendant whose contacts in this district satisfy New York's long-arm statute is therefore 'found' here for venue purposes."); *Reilly v. Chambers*, 215 F. Supp. 2d 759, 764 (S.D. W. Va. 2002) ("The same contacts with West Virginia supporting the exercise of personal jurisdiction over Defendants also provide a basis for venue here." (applying 28 U.S.C. § 1391(a)(2)). The undersigned RECOMMENDS that the Court DENY Haas's motion to dismiss for lack of venue.

## IV. Conclusion

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY Haas's motion to dismiss for lack of jurisdiction. (Docket No. 20.)

Let the Clerk send copies of this Report and Recommendation to counsel of record and the Honorable Henry E. Hudson.

It is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 3-30-10

14